Mark D. Selwyn (SBN: 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile:  (650) 858-6100

David C. Marcus (SBN: 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone: (213) 443-5300
Facsimile:  (213) 443-5400

William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Attorneys for Defendants
*Ancestry.com DNA, LLC, Ancestry.com*
*Operations Inc., and Ancestry.com LLC*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| 23ANDME, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>ANCESTRY.COM DNA, LLC,<br>ANCESTRY.COM OPERATIONS INC., and<br>ANCESTRY.COM LLC,<br><br>            Defendants. | Case No. 3:18-cv-02791-EMC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: August 16, 2018<br><br>Hearing Time: 1:30 p.m.<br><br>Courtroom:  5 - 17th Floor |

Pursuant to Federal Rule of Evidence 201, Defendants Ancestry.com DNA, LLC, Ancestry.com Operations Inc., and Ancestry.com LLC ("Ancestry") respectfully request that this Court take judicial notice of the following exhibits in support of their Motion to Dismiss, attached as Exhibits A-K to the Declaration of Mark Selwyn:

- **Exhibit A:** A true and correct copy of the Patent and Trademark Office's ("PTO") Patent Examiner's Office Action issuing a non-final rejection of the patent application for U.S. Patent No. 8,463,554 ("'554 patent'"), dated May 31, 2012.
- **Exhibit B:** A true and correct copy of the '554 patent applicants' amendments to the pending claims, submitted on September 18, 2012.
- **Exhibit C:** A true and correct copy of the '554 patent applicants' Argument/Remarks Made In Amendment, dated September 18, 2012.
- **Exhibit D:** A true and correct copy of the Examiner's Notice of Allowance for the '554 patent, dated February 25, 2013.
- **Exhibit E:** A true and correct copy of the '554 patent applicants' Amendment after Notice of Allowance, dated April 26, 2013.
- **Exhibit F:** A true and correct copy of U.S. Patent Application No. 12/774,546 ("'546 application"), filed on May 5, 2010 and claiming priority to the '554 patent.
- **Exhibit G:** A true and correct copy of U.S. Patent Application No. 13/871,744 ("'744 application"), filed on April 26, 2013 and claiming priority to the '554 patent.
- **Exhibit H:** A true and correct copy of U.S. Patent Application No. 15/264,493, filed on September 13, 2016 and claiming priority to the '554 patent.
- **Exhibit I:** A true and correct copy of U.S. Patent Application No.15/664,619, filed on July 31, 2017 and claiming priority to the '554 patent.
- **Exhibit J:** A true and correct copy of the Examiner's Office Action issuing a non-final rejection of the claims of the '546 application, dated February 1, 2017.
- **Exhibit K:** A true and correct copy of the Examiner's Office Action issuing a non-final rejection of the claims of the '744 application, dated February 18, 2016.

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact that is "not subject to reasonable dispute" in that it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may consider "matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted." *O'Connor v. Uber Techs.*, 58 F. Supp. 3d 989, 995 (N.D. Cal. 2014) (Chen, J.).

Courts have routinely recognized that it is "appropriate to take judicial notice of PTO correspondence which is part of the public record." *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993); *see also, e.g.*, *Coinstar, Inc. v. Coinbank Automated Sys., Inc.*, 998 F. Supp. 1109, 1114 (N.D. Cal. 1998) (taking judicial notice of "documents from the file history" of a patent and explaining that "[j]udicial notice of matters of public record, including administrative records and procedures, are appropriate pursuant to Rule 201"). Moreover, courts have taken judicial notice of a patent's prosecution history in cases like this one, where a defendant challenges the sufficiency of the pleadings on grounds that the patent-in-suit fails the test for patent eligibility under 35 U.S.C. § 101. *See, e.g.*, *Iconfind, Inc. v. Google, Inc.*, No. 2:11-CV-0319, 2012 WL 158366, at *1 (E.D. Cal. 2012) (taking judicial notice of prosecution history in the context of a 35 U.S.C. § 101 challenge); *Xlear, Inc. v. STS Health LLC*, No. 2:14-CV-00806, 2015 WL 8967574, at *2-4 (D. Utah Dec. 15, 2015) (same); *see also Eakin Enters., Inc. v. Specialty Sales LLC*, No. 1:11-CV-02008, 2012 WL 2445154, at *3-4 (E.D. Cal. 2012) (taking judicial notice of prosecution history in the context of a 12(b)(6) challenge to the sufficiency of patent infringement allegations).

Here, all exhibits listed above are part of the prosecution history for either the '554 patent that 23andMe asserts Ancestry infringed, or several closely-related patent applications. Accordingly, because the exhibits are undisputable "public record[s] of proceedings in the Patent and Trademark Office," this Court can and should take judicial notice of them. *See, e.g.*, *Johnstech Int'l Corp. v. JF Microtechnology Sdn Bhd*, No. 14-cv-02864, 2016 WL 631936, at *6 n.3 (N.D. Cal. Feb. 17, 2016) (Donato, J.).

**CONCLUSION**

For the foregoing reasons, Ancestry respectfully requests that this Court take judicial notice of Exhibits A-K attached to the Declaration of Mark Selwyn in Support of Defendants' Motion to Dismiss Plaintiff's Complaint.

DATED: June 29, 2018                            Respectfully submitted,

By:  /s/ *Mark D. Selwyn*

Mark D. Selwyn (SBN: 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Ancestry.com DNA, LLC,
Ancestry.com Operations Inc., and
Ancestry.com LLC*

## ATTORNEY ATTESTATION

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5- 1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

By: /s/ *Mark D. Selwyn*
Mark D. Selwyn

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: /s/ *Mark D. Selwyn*
Mark D. Selwyn