UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 23ANDME, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANCESTRY.COM DNA, LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-02791-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(B); AND DENYING MOTION TO STAY CASE PENDING APPEAL**<br><br>Docket No. 54 |

In May 2018, Plaintiff 23andMe, Inc. ("23") initiated the instant action against Defendants Ancestry.com DNA, LLC; Ancestry.com Operations Inc.; and Ancestry.com LLC (collectively, "Ancestry"), primarily asserting claims for patent infringement, false/misleading advertising, and declaratory judgment of no trademark infringement and invalidity of trademark. Ancestry moved to dismiss 23's claims and, in August 2018, the Court dismissed the patent infringement claims (nonpatentability under § 101) but, for the most part, allowed the false/misleading advertising and declaratory judgment trademark claims to survive. *See* Docket No. 51 (order). 23 now asks the Court to issue a final judgment under Federal Rule of Civil Procedure 54(b) on its patent infringement claims so that it may appeal to the Federal Circuit *and* to stay the proceedings on the false/misleading advertising and declaratory judgment trademark claims pending the appeal to the Federal Circuit.

Having considered the parties' briefs and accompanying submissions, the Court finds the matter suitable for disposition without oral argument. The Court therefore **VACATES** the November 15, 2018, hearing on 23's motion. 23's motion for an entry of final judgment under Rule 54(b) is **GRANTED** but its motion to stay the remainder of the case pending appeal is **DENIED**.

# I. **DISCUSSION**

Rule 54(b) provides as follows:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The purpose of Rule 54(b) is to provide some relief to parties given that the Federal Rules of Civil Procedure generally have liberal rules for joinder of claims and parties:

> The federal rules increased the opportunity for joinder of multiple claims and multiple parties. The former technical pleading rules were replaced by provisions permitting virtually unlimited joinder of claims and greatly expanded joinder of parties, together with a commensurate power in the district court to structure the litigation and conduct separate trials as justice or convenience might require. Although the increased opportunity for joinder coupled with these case management techniques increases efficiency in the district court, they also create a substantial potential for prejudice from the delay in final disposition and appeal of *what are quite frequently entirely distinct claims*.

10 Moore's Fed. Prac. – Civ. § 54.21[1] (emphasis added).

The critical case on Rule 54(b) is *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980).[1] In *Curtiss-Wright*, the Supreme Court rejected the suggestion in the Rule 54 Advisory Committee Notes that a Rule 54(b) final judgment is appropriate only in an "'infrequent harsh case.'" *Id.* at 9. The Supreme Court also noted that,

---

[1] The parties disagree as to whether Ninth Circuit law or Federal Circuit law applies to the Rule 54(b) analysis but they have not pointed to any clear difference between the laws of the two circuits. And in any event, as noted above, the critical case on Rule 54(b) is *Curtiss-Wright*, a Supreme Court case.

2

> [n]early a quarter of a century ago, in *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956), this Court outlined the steps to be followed in making determinations under Rule 54 (b). A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."
>
> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, *a district court must take into account judicial administrative interests as well as the equities involved*. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.* at 7-8 (emphasis added).

In the instant case, there is no real dispute that the Court is dealing with a "final judgment" with respect to 23's patent infringement claims. The only issue is whether there is "no just reason for delay." Fed. R. Civ. P. 54(b). The Court finds that there is no just reason for delaying entry of a final judgment on the patent infringement claims. The claims are factually and legally distinct from the false/misleading advertising claims and the declaratory judgment trademark claims. *See* Moore's § 54.23[1][b] (stating that, "if the unadjudicated claims are closely related to those decided, the district court should generally refuse to enter a judgment under Rule 54(b)" but, if "the claims are sufficiently distinct so that duplicative appellate review will be avoided, the court of appeals will generally find that entry of a Rule 54(b) judgment was not an abuse of discretion"). Also, a delay in the entry of judgment would cause some hardship or injustice to 23; now that the Court has determined that 23's patent is invalid as unpatentable, that ruling casts a cloud on 23's

1 ability to assert the patent against other entities or persons.

2 Although the Court thus grants 23's motion for entry of final judgment under Rule 54(b), it denies its request to stay the remainder of the proceedings pending 23's appeal of the patent infringement decision to the Federal Circuit. As an initial matter, the Court notes that it disagrees with Ancestry that the proper standard to apply in assessing the request for a stay is *Nken*/*Hilton*. That standard is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (2009) (stating that "[d]ifferent Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal" but, "[u]nder both Rules, . . . the factors regulating the issuance of a stay are generally the same" – similar to the preliminary injunction factors). Instead, the proper standard is set forth in *Landis v. North American Co.*, 299 U.S. 248 (1936). Although *Landis* is generally applied where there is a request to stay proceedings pending a decision in a *different* case (this was true in *Landis* itself), *Landis* broadly states that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. Courts have applied *Landis* where there is a request for a stay based on an appeal of a Rule 54(b) final judgment. *See, e.g.*, *Mott v. Lucas*, No. 1:10CV0164, 2011 U.S. Dist. LEXIS 94072, at *11 (N.D. Ohio Aug. 23, 2011) (stating that, "[s]ince the Court is granting, in part, Plaintiff's motion for Rule 54(b) certification, the Court finds that it is in the interest of justice to stay all trial court proceedings pending a decision by the Court of Appeals on Plaintiff's appeal"; citing *Landis* in support); *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Ready Pac Foods, Inc.*, No. CV 09-3220 RSWL (MANx), 2011 U.S. Dist. LEXIS 54100, at *15 (C.D. Cal. May 9, 2011) ("STAY[ing] further proceedings in this case pending resolution of any appeal taken from the Rule 54(b) Judgment"; citing *Landis* in support).

Under *Landis*, a court generally considers the hardships that would be suffered by the parties if a stay were or were not granted, as well as judicial economy. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (indicating, that where a *Landis* stay is at issue, a court considers "'the possible damage which may result from the granting of a stay, the hardship

4

or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay'"). 23 argues that judicial economy weighs in favor of a stay because, if there is a stay and it succeeds on its appeal of the patent infringement claims, then there will be only one trial – and if there is a stay and it does not succeed on the appeal, then "the parties may be able to resolve the remaining disputes by alternative means." Mot. at 10. But this argument is not persuasive. For example, if the Court does not stay and 23 prevails on the patent infringement appeal, some of the same people may need to be deposed two times – once for the patent infringement claims and once for the false/misleading advertising and declaratory judgment trademark claims; however, there is no indication that a large number of people would need to be deposed twice. And for the people who would be deposed twice, the subject matter of their testimony would be different because the patent infringement claims and the other claims involve different underlying facts. Similarly, if the Court does not stay and 23 prevails on the patent infringement appeal, and there are two trials, it is unlikely that the trials would involve overlapping factual or legal issues (thus, the reason for allowing a Rule 54(b) final judgment on the patent infringement claims in the first place).

As for hardships, a stay would appear to harm Ancestry more than the absence of a stay would seem to harm 23. A stay would prevent Ancestry from moving forward with a counterclaim for trademark infringement (as it intends to do once 23 files an amended complaint as permitted by the Court's order on Ancestry's motion to dismiss). In contrast, 23 has not expressly claimed any harm from the absence of a stay other than, *e.g.*, the prospect of having two trials.

///
///
///
///
///
///

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court certifies the patent infringement claims for a Rule 54(b) final judgment (there being no just reason for delay) but the Court will not stay proceedings on the remaining claims brought by 23. 23 shall file its amended complaint on the non-patent infringement claims within three weeks of the date of this order.

This order disposes of Docket No. 54.

**IT IS SO ORDERED**.

Dated: November 2, 2018

EDWARD M. CHEN
United States District Judge